[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 31, 2003
THOMAS K. KAHN
CLERK

No. 02-16853
Non-Argument Calendar

D.C. Docket No. 99-00979-CV-G-S

RODNEY LYNN PRUITT,

Petitioner-Appellant,

versus

RON JONES, Warden
ATTORNEY GENERAL FOR THE STATE OF ALABAMA,

Respondents-Appellees.

Appeal from the United States District Court for the
Northern District of Alabama

**(October 31, 2003)**

Before CARNES, MARCUS and WILSON, Circuit Judges.

MARCUS, Circuit Judge:

Rodney Lynn Pruitt, an Alabama prisoner proceeding pro se, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition for habeas corpus relief.

We granted a certificate of appealability ("COA") to consider the following issues: (1) whether the district court erred by finding that Pruitt's ineffective-assistance-of-counsel claims were procedurally defaulted because he did not petition the Alabama Supreme Court for discretionary review of those claims during his state collateral review proceedings, and (2) if so, whether the district court further erred by finding that trial and appellate counsels' alleged ineffectiveness could not constitute cause to excuse the procedural default of appellant's claims on direct appeal.[1] We review the grant or denial of habeas relief de novo. See Sims v. Singletary, 155 F.3d 1297, 1304 (11th Cir. 1998). We review findings of fact for clear error. See id.

Upon thorough review of the record, as well as careful consideration of the parties' briefs, we find no reversible error and affirm.

The relevant facts may be briefly stated. On April 18, 1996, Pruitt was convicted, pursuant to a jury verdict, of first-degree robbery and was sentenced to a term of life imprisonment without parole. Pruitt appealed his conviction and sentence to the Alabama Court of Criminal Appeals, arguing that the trial court erred by: (1) admitting hearsay evidence; (2) admitting evidence of his prior convictions for impeachment purposes; (3) denying his motion to suppress evidence obtained during

---

[1] Because we find no error on the first issue contained in the COA, we do not reach the second one.

2

his warrantless arrest because the arresting officer lacked probable cause to arrest; (4) improperly enhancing his sentence on the basis of two convictions that were eligible for youthful offender consideration; (5) denying him a speedy trial; and (6) convicting him on the basis of insufficient evidence. On February 28, 1997, the Alabama Court of Criminal Appeals affirmed his conviction, finding that the first two claims were not preserved by a contemporaneous objection at trial, and that the remaining claims were without merit . See Pruitt v. State, 706 So. 2d 865 (Ala. Crim. App. 1997) (Table). Pruitt then filed a petition for writ of certiorari to the Alabama Supreme Court, raising only the issues that the Alabama Court of Criminal Appeals held were not preserved for appellate review: the admission of alleged hearsay evidence and the use of his prior convictions for impeachment purposes. The Alabama Supreme Court denied certiorari in August 1997. See Ex Parte Pruitt, 712 So.2d 1127 (Ala. 1997) (Table).

Thereafter, Pruitt filed a Ala. R. Crim. P. 32 petition for post-conviction relief, asserting that he received ineffective assistance of counsel at trial because his attorney failed to: (1) impeach the credibility of the victims, whose identification of Pruitt to an officer who testified at trial was the basis of his hearsay objection at trial; (2) preserve and challenge the trial court's denial of his right to a speedy trial; (3) object to the state's introduction of his prior convictions during trial for impeachment

purposes; (4) advise him that if he testified, his prior convictions could be used to impeach his credibility; (5) move for a new trial on grounds of insufficient evidence; and (6) object to the state's introduction of his prior convictions to enhance his sentence. In his Rule 32 petition, Pruitt also alleged ineffective assistance of appellate counsel, but did not specify the grounds for his claim.

The state habeas court summarily dismissed Pruitt's petition, holding, in relevant part, that based on his own personal observation as the trial judge at Pruitt's trial, Pruitt's counsel rendered "very able assistance." On March 26, 1999, the Alabama Court of Criminal Appeals affirmed the denial of habeas relief and found that the trial judge had correctly relied on his own first-hand knowledge of the trial in determining that counsel was not ineffective, citing Ex Parte Hill, 591 So. 2d 462, 463 (Ala. 1991) (holding that trial judge, in reviewing effectiveness of counsel, can base his determination on his own observation of counsel at trial), and that Pruitt's allegations with respect to the ineffectiveness of appellate counsel were not sufficiently specific to warrant any further proceedings. See Pruitt v. State, 767 So. 2d 420 (Ala. Crim. App. 1999) (Table).

Notably, Pruitt did not petition the Alabama Supreme Court for discretionary review of the dismissal of his Rule 32 petition, as he could have within fourteen days, pursuant to Ala. R. App. P. 39(c)(2). Instead, Pruitt filed the present § 2254 petition,

4

arguing the following: (1) the trial court erred by admitting hearsay testimony, which violated his right of confrontation; (2) the trial court erred by allowing testimony about his prior convictions to be used for impeachment purposes; (3) the trial court erred by denying his motion to suppress evidence obtained from his warrantless arrest; (4) his sentence was improperly enhanced by counting two of his convictions that were committed when he was eligible for youthful offender status; (5) he was denied his right to a speedy trial; (6) insufficient evidence supported his conviction; and (7) he was denied the effective assistance of trial and appellate counsel at trial on numerous grounds.

The magistrate judge issued a Report and Recommendation, in which he advised that Pruitt's petition be denied because his claims were procedurally defaulted and because he failed to establish cause and prejudice or a miscarriage of justice to excuse the procedural default. The magistrate judge first found that claims (1) and (2) were procedurally barred because Pruitt raised them on direct appeal from the denial of his Rule 32 petition and the Alabama Court of Criminal Appeals, which was the last state court to render a judgment on these claims, clearly and expressly stated that its judgment was based on a procedural bar -- to-wit, the Alabama Court of Criminal Appeals determined that Pruitt failed to preserve these claims by not objecting at trial to the alleged violation of his right to confrontation or to the

5

admission of his prior convictions for impeachment purposes. See Johnson v. Singletary, 938 F.2d 1166, 1173 (11th Cir. 1991) (holding that "[f]ederal review of a petitioner's claim is barred by the procedural default doctrine if the last state court to review the claim states clearly that its judgment rests on a procedural bar"); Sims v. Singletary, 155 F.3d 1297, 1311 (11th Cir. 1998) (holding that a federal court must dismiss habeas petition that is based on claims barred by state law, unless the petitioner can establish cause and prejudice for procedural default or that he is actually innocent).

The magistrate judge further found that Pruitt's other substantive claims and his ineffective-assistance-of-counsel claims were procedurally defaulted because he did not petition the Alabama Supreme Court for discretionary review of the denial of those claims during his state collateral review proceedings and it was too late for him to return to state court to exhaust his claims by filing a petition for certiorari, citing O'Sullivan v. Boerckel, 526 U.S. 838, 844-45, 119 S. Ct. 1728, 1732-33, 144 L. Ed. 2d 1 (1999). Finally, the magistrate judge concluded that the alleged ineffectiveness of Pruitt's counsel did not constitute cause to excuse the default because the claims that were defaulted were not exhausted. Over Pruitt's objections, the district court adopted the R&R and denied Pruitt's § 2254 petition. This appeal followed.

6

On appeal, Pruitt argues that O'Sullivan v. Boerckel, 526 U.S. 838, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999), and Smith v. Jones, 256 F.3d 1135 (11th Cir. 2001), cert. denied, 534 U.S. 1136, 122 S. Ct. 1081, 151 L. Ed. 2d 982 (2002), do not require him to petition the Alabama Supreme Court for discretionary review of the Alabama Court of Criminal Appeals's decision affirming the denial of his state petition for post-conviction relief. Pruitt asserts that the requirement of filing a petition for discretionary review applies to only direct appeals and is not part of the ordinary appellate review procedure in state collateral review cases in Alabama. Pruitt also argues that the ineffectiveness of his trial counsel and his counsel on direct appeal provided adequate cause to excuse the procedural default of his claims on direct appeal.

A § 2254 habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including review by the state's court of last resort, even if review in that court is discretionary. O'Sullivan, 526 U.S. at 845, 119 S.Ct. at

7

1732-33. "Alabama's discretionary direct review procedures bring Alabama prisoner habeas petitions within the scope of the Boerckel rule." Smith, 256 F.3d at 1140.

The district court did not err by finding that Pruitt failed to exhaust his state remedies. As we highlighted in Smith, the Seventh Circuit, in White v. Godinez, concluded that the Boerckel rule applies to a petitioner's state collateral review process. See 192 F.3d 607, 608 (7th Cir. 1999) (concluding that there is no "appreciable difference between direct appeals and post-conviction appeals" with respect to the application of the Boerckel rule). In order to satisfy the exhaustion requirement of 28 U.S.C. § 2254(c), "state prisoners [must] file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." O'Sullivan, 526 U.S. at 847, 119 S.Ct. at 1733. Consistent with the purpose of the exhaustion rule, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845, 119 S.Ct. at 1732. State prisoners are not required to present their claims through discretionary review if such review would be considered "extraordinary." Id. at 845, 119 S. Ct. at 1733.

Alabama court rules provide for discretionary review in the Supreme Court of Alabama of decisions by the Alabama Court of Criminal Appeals. See Ala. R. App. P. 39(c). A petition for further review must be filed within 14 days after the Court

of Criminal Appeals's opinion, and a specific format is provided to govern the filing form and content of the petition. Id. Rule 39(c)(2), (d). Nothing in the foregoing procedural requirements for discretionary review could be characterized as "extraordinary," as we understand O'Sullivan.

In sum, Pruitt failed to petition the Alabama Supreme Court for discretionary review of the dismissal of his Rule 32 petition, as he could have within fourteen days, pursuant to Ala. R. App. P. 39(c)(2). Nothing in Boerckel's reasoning suggests that a different rule should apply in state post-conviction appeals as opposed to direct appeals. Accordingly, we find no error in the district court's conclusion that Pruitt failed to exhaust his state remedies by not petitioning the Alabama Supreme Court for discretionary review of the denial of his state habeas petition.

**AFFIRMED.**