[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 30, 2004
THOMAS K. KAHN
CLERK

No. 03-13218
Non-Argument Calendar

_____

D. C. Docket No. 02-00335-CV-2-WDO-5

GUS L. POPE,

Petitioner-Appellant,

versus

GLENN RICH,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(January 30, 2004)**

Before BIRCH, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Gus L. Pope, a Georgia state prisoner proceeding pro se, filed a habeas

corpus petition alleging ineffective assistance of state appellate counsel, pursuant

to 28 U.S.C. § 2254. The district court determined that Pope's § 2254 petition was

procedurally barred. This Court then granted a Certificate of Appealability on the issue of whether Pope's "claims of ineffective assistance of appellate counsel for counsel's failure to raise a claim of ineffective assistance of trial counsel regarding the admission of a prior conviction [were] procedurally barred." After review, we affirm.[1]

On appeal, Pope argues that his claim of ineffective assistance of appellate counsel is not procedurally barred because he raised the claim in his state habeas proceedings. The record reveals that Pope did raise a claim of ineffective assistance of appellate counsel in his state habeas petition. However, after his state habeas petition was denied, Pope did not apply for a certificate of probable cause to appeal that denial to the Georgia Supreme Court. Pope's failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that Pope has failed to exhaust all of his available state remedies. Consequently, Pope is procedurally barred from raising his claims of ineffective assistance of appellate counsel in a federal § 2254 petition.

Section 2254 provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be

---

[1]This Court reviews "de novo a district court's denial of a habeas petition under 28 U.S.C. § 2254." Maharaj v. Secretary for Dep't of Corrections, 304 F.3d 1345, 1348 (11th Cir. 2002) (citation omitted).

granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1). Pursuant to § 2254(c), a state prisoner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented" and failed to do so. 28 U.S.C. § 2254(c).

Furthermore, the United States Supreme Court has interpreted § 2254(c) to require a state prisoner to present his claims to the state's highest court, even if review is discretionary, when such review is part of the ordinary appellate review procedure. O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732-33 (1999) (involving the Illinois direct appeal process). The Supreme Court stated that this requirement was to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845, 119 S. Ct. at 1732.

State prisoners, however, are not required to pursue discretionary review if it would be considered "extraordinary." Id. at 844, 119 S. Ct. at 1732. The Supreme Court concluded that "state prisoners do not have to invoke extraordinary remedies when those remedies are alternatives to the standard review process and where the state courts have not provided relief through those remedies in the past." Id.

3

In Pruitt v. Jones, 348 F.3d 1355, 1359 (11th Cir. 2003), this Court concluded that Boerckel applies to the state collateral review process as well as the direct appeal process. In Pruitt, an Alabama state prisoner filed a § 2254 petition that was denied by the state habeas court. Pruitt then appealed to the Alabama Court of Criminal Appeals, and the Alabama Court of Criminal Appeals affirmed the habeas court's decision. However, Pruitt did not petition the Alabama Supreme Court for discretionary review. Pruitt, 348 F.3d at 1357.

This Court noted that the Alabama court rules provide for discretionary review in the Supreme Court of Alabama, and this requirement could not be characterized as extraordinary within the meaning of Boerckel. Pruitt, 348 F.3d at 1359. After so noting, this Court concluded that Pruitt had failed to exhaust his state remedies by failing to petition the Supreme Court of Alabama for discretionary review of the denial of his state habeas petition. Id.

For the same reasons as in Pruitt, we conclude that Pope has failed to exhaust his state remedies by failing to petition the Georgia Supreme Court for a certificate of probable cause to appeal the denial of his state habeas petition. The fact remains that Georgia law provides that a state prisoner may appeal an adverse decision to the Georgia Supreme Court by petitioning for a certificate of probable cause within 30 days of the denial of his state habeas petition. O.C.G.A. § 9-14-

4

52.[2]  Nothing about O.C.G.A. § 9-14-52 can be considered "extraordinary" as defined in <u>Boerckel</u>.  Consequently, Pope's failure to petition the Georgia Supreme Court for a certificate of probable cause means that Pope failed to exhaust all of his available state remedies.  Therefore, his claim of ineffective assistance of appellate counsel is procedurally barred, and this Court may not entertain his § 2254 petition.

AFFIRMED.

---

[2]In relevant part, § 9-14-52 states:
(a) Appeals in habeas corpus cases brought under this article shall be governed by Chapter 6 of Title 5 except that as to final orders of the court which are adverse to the petitioner no appeal shall be allowed unless the Supreme Court of this state issues a certificate of probable cause for the appeal.
(b) If an unsuccessful petitioner desires to appeal, he must file a written application for a certificate of probable cause to appeal with the clerk of the Supreme Court within 30 days from the entry of the order denying him relief. . . .
O.C.G.A. § 9-14-52(a)-(b).