[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-10101

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 17, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 06-00280-CV-TCB-1

DURWYN MANCILL,

Petitioner-Appellant,

versus

HILTON HALL, Warden,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(October 17, 2008)**

Before WILSON, PRYOR and COX, Circuit Judges.

COX, Circuit Judge:

This case presents the question of how to apply the exhaustion requirement of

28 U.S.C. § 2254 to claims a Georgia habeas court heard but never ruled on. More

specifically, the issue is whether the exhaustion requirement compels a successful Georgia habeas petitioner to cross-appeal those claims not addressed by the habeas court when the claim on which he succeeded is challenged on appeal by the habeas respondent.

## I.  Background

In 1993,  Durwyn Mancill was convicted on two counts of malice murder. Shortly thereafter, Mancill filed a motion for a new trial.  Seven years later, in 2000, the court finally denied the motion for a new trial.  Mancill appealed, and the Supreme Court of Georgia affirmed his convictions.

In 2002, Mancill filed a habeas petition in a Georgia superior court.[1]  Mancill's petition alleges that his due process rights were violated by the seven year delay between the filing of his motion for a new trial and the issuance of a final order on the motion.  Mancill also alleges that he received ineffective assistance of both trial and appellate counsel.  The Georgia habeas court granted the petition based on his due process claim, and vacated the convictions.  The court did not rule on, or even address, the ineffective assistance of trial and appellate counsel claims.

---

[1]Mancill's current petition is properly styled as being against Warden Hilton Hall, but the respondent to Mancill's petition has changed several times due to a number of prison transfers.  For the sake of clarity, we simply refer to the many changing respondents of Mancill's petition as "warden" in this opinion.

The warden appealed, arguing that the due process claim was procedurally barred because Mancill did not raise it on direct appeal of his conviction. *Chatman v. Mancill*, 604 S.E.2d 154, 155 (Ga. 2004). The Supreme Court of Georgia agreed, and vacated the grant of habeas relief and remanded the case to the habeas court to determine if Mancill could overcome the procedural bar by satisfying either the cause and prejudice test or the miscarriage of justice test. *Id.* The Supreme Court of Georgia did not direct the habeas court to consider on remand the other claims Mancill alleged in his habeas petition.

On remand, the habeas court found that Mancill satisfied the cause and prejudice test and thus was able to overcome the procedural bar. The court again granted the petition based on the due process violation and vacated his convictions.

The warden again appealed, arguing that the habeas court erred in determining that the cause and prejudice test was satisfied for the due process claim. The Supreme Court of Georgia held that Mancill had not shown cause or prejudice, and reversed the grant of the petition without remanding to the habeas court to hear the remaining ineffective-assistance-of-counsel claims, which, although presented in Mancill's petition, no court had yet addressed.[2]

---

[2]The Supreme Court of Georgia's opinion states that, "The habeas court's grant of Mancill's petition for writ of habeas corpus is reversed." *Chatman v. Mancill*, 626 S.E.2d 102, 111 (Ga. 2006).

Mancill then filed a 28 U.S.C. § 2254 petition in the Northern District of Georgia, asserting both the due process claim extensively litigated in his state habeas case, and claims of ineffective assistance of trial and appellate counsel. Mancill also moved for an evidentiary hearing so that he could present new evidence which he contended proved his actual innocence. Mancill argued that such a showing would, under *Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851 (1995), satisfy the miscarriage of justice test and thus remove any procedural bar on his ineffective-assistance-of-counsel claims. (R.1-21.)

The district court, adopting the report and recommendation of the magistrate judge, concluded that Mancill's claim of a due process violation did not provide grounds for federal habeas relief because a state procedural bar precluded review. (*Id.* at 14-15.)

The district court also found that Mancill had failed to exhaust his ineffective-assistance-of-counsel claims because he had not cross-appealed those claims to the Supreme Court of Georgia. (R.1-32 at 23-28.) The district court relied on *Pope v. Rich*, 358 F.3d 852 (11th Cir. 2004), which held that claims not reviewed by the state's highest court, when such review is part of normal appellate procedure, are not exhausted as required by 28 U.S.C. § 2254(b)(1). Furthermore, when a § 2254 petitioner has failed to exhaust his state remedies for a claim, and those remedies are

4

no longer available to the petitioner, his claim is procedurally barred. *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999). Following this principle of exhaustion, the district court held that Mancill's ineffective-assistance-of-counsel claims were procedurally barred since he no longer had the opportunity to cross-appeal those claims to the Supreme Court of Georgia. (R.1-32 at 23-28.)

The district court, having found all of Mancill's claims procedurally barred, dismissed his petition.

## II. Issues on Appeal

Mancill first sought a certificate of appealability from the district court. Although the district court denied his request, we granted a certificate of appealability on one issue only: "Whether the district court erred when it denied appellant's ineffective assistance of counsel claims as unexhausted and procedurally defaulted."[3] (R.2-57.) We later ordered supplemental briefing on two related issues: whether the district court erred in denying Mancill's motion for an evidentiary hearing (pursuant to *Schlup*) to overcome the procedural bar to his ineffective-assistance-of-counsel

---

[3]Mancill argues in his brief that his due process claim was improperly denied on the ground that it was procedurally barred. Because this issue is outside the scope of our certificate of appealability, we do not address it. *Murray v. United States*, 145 F.3d 1249, 1251 (11th Cir. 1998).

claims, and whether the district court's ruling denying his motion for an evidentiary hearing was sufficiently detailed to permit appellate review.[4]

## III. Standard of Review

When reviewing a district court's denial of a habeas petition, we review de novo questions of law and mixed questions of law and fact. We review findings of fact for clear error. *Nyland v. Moore*, 216 F.3d 1264, 1266 (11th Cir. 2000).

## IV. Discussion

The district court found that Mancill's ineffective-assistance-of-counsel claims were barred because Mancill never presented them to the state's highest court. Specifically, the district court relied on the exhaustion requirement of 28 U.S.C. § 2254(b)(1) as interpreted by *Pope*, 358 F.3d at 853.

A state prisoner may not obtain habeas relief under 28 U.S.C § 2254 unless he has exhausted the remedies available in state courts. 28 U.S.C. § 2254(b)(1)(A). *Pope* held that this exhaustion requirement is not satisfied if the petitioner fails to present his claims to the state's highest court, even if such review is discretionary, if such review is part of the ordinary appellate review procedure. 358 F.3d at 853.

---

[4]Because our holding today renders the evidentiary hearing issues moot, we need not address them in this opinion. The district court denied the request for an evidentiary hearing on the ground that Mancill had not satisfied the requirements of 28 U.S.C. § 2254(e)(2). Should the motion for an evidentiary hearing be renewed following remand, see *Sibley v. Culliver*, 377 F.3d 1196, 1207 n.9 (11th Cir. 2004) (holding § 2254(e)(2) inapplicable to evidentiary hearings under *Schlup*).

Such a failure to exhaust can result in a procedural default that bars a federal court from hearing that claim if the appellate review which should have been pursued is no longer available to the petitioner. *Id.* at 854.

In *Pope*, the petitioner, Pope, a Georgia prisoner, filed a state habeas petition claiming ineffective assistance of counsel. 358 F.3d at 853. The Georgia habeas court denied Pope's petition. Georgia law does not allow for a direct appeal as of right of the denial of a habeas petition but rather provides for a discretionary appeal procedure whereby an unsuccessful petitioner may seek a certificate of probable cause to appeal to the Supreme Court of Georgia. *Ga. Code Ann.* §§ 9-14-52(a)-(b). Pope did not seek a certificate of probable cause to appeal this denial, but rather filed a 28 U.S.C. § 2254 petition in federal district court. *Pope* held that the exhaustion requirement of 28 U.S.C. § 2254(b)(1) required a petitioner "to present his claims to the state's highest court, even if review is discretionary, when such review is part of the ordinary appellate review procedure." 358 F.3d at 853 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732-33 (1999)). Because Pope had not sought a certificate of probable cause to appeal the denial of his state habeas petition, we reasoned that he had failed to avail himself of review which is part of normal state appellate procedure, and therefore had not met the exhaustion requirement of § 2254(b)(1). *Id.* at 854.

7

To determine whether a particular method of seeking judicial review is part of normal appellate procedure, we look both to statutes governing appellate procedure and relevant state case law. *See Tucker v. Dep't of Corr.*, 301 F.3d 1281, 1283-84 (11th Cir. 2002) (looking both to statutes and case law in determining Florida's normal appellate procedure). When looking to state law to determine if a petitioner has failed to exhaust his state remedies, and thus created a procedural bar to his claims, the procedural bar "must be firmly established and a regularly followed state practice." *Cochran v. Herring*, 43 F.3d 1404, 1408 (11th Cir. 1995).

In this case, the warden argues that Mancill failed to satisfy the exhaustion requirement because he failed to cross-appeal the habeas court's silence regarding his ineffective-assistance-of-counsel claims when the warden appealed the grant of habeas relief. *Pope*, the warden contends, required Mancill to seek review by the Supreme Court of Georgia because a cross-appeal of a claim not ruled upon is part of normal appellate procedure.[5]

Following *Pope* and *Cochran*, we examine Georgia law to determine if it is "firmly established and a regularly followed state practice" for a successful Georgia

---

[5]The warden contends that the fact that the habeas court chose to grant relief based on Mancill's due process claim and not the ineffective-assistance-of-counsel claims is implicitly a rejection of these claims, and thus an adverse ruling. We disagree. The habeas court granted the relief Mancill sought, the vacation of his conviction, based on only one of his claims; we decline to read a ruling on the merits into the habeas court's failure to address claims that would not modify its grant of relief.

state habeas petitioner to cross-appeal those claims which the habeas court did not address in granting habeas relief. If it is "firmly established and a regularly followed state practice," then Mancill's failure to cross-appeal constitutes a failure to exhaust his state remedies, and his claims for ineffective assistance of counsel are procedurally defaulted. We need not determine what is legally permissible under Georgia appellate procedure; we need only determine what is "firmly established and a regularly followed state practice" under Georgia law.

We now turn to Georgia statutory and case law to determine if Mancill should have appealed under a "firmly established and a regularly followed state practice." As a preliminary matter, Mancill contends that while *Pope's* exhaustion principle may be applicable here, *Pope* does not factually control this case. We agree. At issue in *Pope* was the discretionary appeal procedure of *Ga. Code Ann.* § 9-14-52. This discretionary appeal procedure is available to unsuccessful petitioners who seek to appeal an adverse final order. *Ga. Code Ann.* §§ 9-14-52(a)-(b).[6] Mancill, unlike Pope, was a successful petitioner with no adverse final order, and thus he fell outside the ambit of the discretionary appeal procedure outlined in *Ga. Code Ann.* § 9-14-52.

---

[6] *Ga. Code Ann.* § 9-14-52(a) provides that all "final orders of the court which are adverse to the petitioner" shall only be appealed by obtaining a certificate of probable cause to appeal. *Ga. Code Ann.* § 9-14-52(b) provides the procedure whereby an appellant obtains a certificate of probable cause, and begins as follows: "If an unsuccessful petitioner desires to appeal, he must file a written application for a certificate of probable cause to appeal with the clerk of the Supreme Court within 30 days from the entry of the order denying him relief."

Finally, no Georgia case law interprets *Ga. Code Ann.* §§ 9-14-52(a)-(b) as being applicable to successful habeas petitioners who asserted claims not addressed by the habeas court.

We next examine Georgia's ordinary appellate procedure for cross-appeals to determine if the statutory and case law governing cross-appeals demonstrate a "firmly established and a regularly followed state practice" of cross-appealing claims not reached by the trial court. While there are no habeas-specific statutes on cross-appeals in Georgia, the Georgia Code's chapter on habeas corpus instructs courts to apply the state's laws of civil appellate practice in habeas appeals. *Ga. Code Ann.* § 9-14-52(a). The statute governing civil appellate practice specifically details what can be cross-appealed: "the appellee may present for adjudication on the cross appeal all errors or rulings *adversely affecting him*." *Ga. Code Ann.* § 5-6-38(a) (emphasis added). This statutory authority does not demonstrate that it is "firmly established and a regularly followed state practice" to cross-appeal claims upon which a habeas court did not rule. Rather, the statute provides only for the cross-appeal of *adverse* errors or rulings. Arguably, here there are no errors or rulings adversely affecting Mancill, as he obtained but two orders from the habeas court, both granting relief based on the due process claim. Neither order discussed the merits of his ineffective-assistance-of-counsel claims. While the second order acknowledged the existence of

10

the ineffective assistance claims in one sentence, it neither discussed nor denied the claims. The Georgia Code does not explicitly address whether a successful litigant can or should cross-appeal a trial court's silence on his other claims.

Georgia case law does not interpret the statutory provisions in such a way as to make it a "firmly established and a regularly followed state practice" to cross-appeal claims not reached by the trial court. The district court relied on *Turpin v. Bennett*, 513 S.E.2d 478 (Ga. 1999) and *Head v. Thomason*, 578 S.E.2d 426 (Ga. 2003), for the proposition that Mancill should have cross-appealed his ineffective-assistance-of-counsel claims. Both cases are distinguishable. In *Bennett*, the petitioner asserted a due process violation and an ineffective-assistance-of-counsel claim in his habeas petition. The habeas court granted relief on the due process claim, but "came to the conclusion that defense counsel could not be faulted" for the alleged transgression supporting the ineffective-assistance-of-counsel claim. *Bennett*, 513 S.E.2d at 481. When the state appealed the grant of the petition on the due process claim, the petitioner cross-appealed the denial of the ineffective-assistance-of-counsel claim. *Id.* Similarly, in *Head*, the "petition was denied on all grounds save one," and the petitioner cross-appealed those denials. 578 S.E.2d at 428. Thus, the *Bennett* and *Head* petitioners clearly had adverse rulings on the merits of their other habeas claims

11

that they could cross-appeal. In contrast, Mancill received no adverse ruling from the habeas court on his ineffective-assistance-of-counsel claims.

We find no Georgia case law demonstrating a "firmly established and a regularly followed state practice" to cross-appeal a claim not ruled upon by the trial court. In *Decatur Fed. Sav. & Loan Ass'n v. Litsky*, the appellee sought appellate review of a claim he brought before the trial court but which the trial court did not rule upon. 429 S.E.2d 300**,** 304 (Ga.App. 1993). The Court of Appeals of Georgia held that "the issue was not ruled on. There is no ruling to review on appeal." *Id.* The court went on to note that if the appellee had obtained a ruling, he then would have had to cross-appeal such a ruling to obtain review of it. *Id.* Georgia appellate courts are consistently wary of reviewing claims not ruled upon by the trial court. *See, e.g., Felix v. State*, 523 S.E.2d 1, 6 (Ga. 1999) (Appellate review is for the correction of error of law, which has "as its basis a specific ruling made by the trial court.")

The case law indicates that the usual practice under Georgia law is for the Supreme Court of Georgia to remand the case to the habeas court to consider any other claims asserted but not considered. In *Bennett*, discussed above, the petitioner obtained habeas relief on a due process claim, but the court denied relief on an ineffective-assistance-of-counsel claim. 513 S.E.2d at 481. The habeas court did not

12

address any of the petitioner's other claims for relief. *Id.* When the warden appealed the petitioner's grant, the petitioner cross-appealed the denial of his ineffective-assistance-of-counsel claim but did not cross-appeal those claims not addressed by the habeas court. *Id.* The Supreme Court of Georgia, after reviewing the issues appealed, remanded the case to the habeas court to consider any other claims asserted but not yet considered by the habeas court. *Id.* at 483.

In *Greer v. Thompson*, the habeas court also granted the petitioner relief on one of his claims and did not rule on his other claims. 637 S.E.2d 698, 702 (Ga. 2006). The Supreme Court, in reversing the habeas relief the petitioner had obtained, remanded the case to the habeas court exclusively for that court to address the unrelated grounds for habeas relief "which the habeas court did not address due to its grant of relief" on another issue. *Id.*

Georgia statutory and case law do not demonstrate a "clearly established and a regularly followed practice" of cross-appealing claims not addressed by a habeas court granting all relief sought. Such a cross-appeal is not shown to be a part of Georgia's ordinary appellate procedure, and so is not required as part of 28 U.S.C. § 2254(b)(1)'s exhaustion requirement. Mancill's failure to obtain review of his ineffective-assistance-of-counsel claims by the Supreme Court of Georgia does not

13

create a procedural bar to his assertion of these claims in his federal habeas petition.[7] Accordingly, we vacate the denial of Mancill's petition.

Our holding does not preclude the possibility that, on remand, the district court could find Mancill's ineffective-assistance-of-counsel claims procedurally barred on the other grounds the warden asserted in the district court. The scope of our holding is limited to whether a procedural bar exists because of Mancill's failure to cross-appeal to the Supreme Court of Georgia those claims not addressed by the habeas court.

## V. Conclusion.

We VACATE the district court's denial of Mancill's petition and REMAND for further proceedings consistent with this opinion.

VACATED AND REMANDED.

---

[7]The warden finally suggests that Mancill abandoned his ineffective-assistance-of-counsel claims by failing to ask the Supreme Court of Georgia to broaden the scope of its remand so that he could secure a ruling on his ineffective-assistance-of-counsel claims. The warden cites no authority for the proposition that such a request is part of normal appellate practice in Georgia, and we find no Georgia authority for that proposition. While what the warden suggests Mancill should have done may be good lawyering, it does not create a procedural bar to Mancill's ineffective-assistance-of-counsel claim here.

14