[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16725
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 14, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00063-CV-4

RANDALL DALE WATSON,

Petitioner-Appellant,

versus

WARDEN VICTOR L. WALKER,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(October 14, 2009)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Randall Dale Watson, a Georgia state prisoner proceeding *pro se*, appeals

the district court's dismissal of his petition for habeas corpus filed under 28 U.S.C. § 2254. The district court denied the petition because Watson failed to appeal the denial of his state habeas petition to the Georgia Supreme Court and thus, his claims were unexhausted and procedurally barred. We granted a certificate of appealability ("COA") on only the following issue:

> Whether Ga. Sup. Ct. R. 40, as amended, has any affect on this Court's holding in *Pope v. Rich*, 358 F.3d 852, 854 (11th Cir. 2004) that a Georgia prisoner must file an application for a certificate of probable cause with the Georgia Supreme Court challenging the denial of his state habeas petition in order to exhaust his state remedies and thereby avoid a procedural default.

On appeal, Watson exclusively argues the merits of his underlying federal constitutional claims without addressing the exhaustion issue upon which the COA was granted.

When reviewing a district court's denial of a habeas petition, we review questions of law and mixed questions of law and fact *de novo*, and findings of fact for clear error. *Mancill v. Hall*, 545 F.3d 935, 939 (11th Cir. 2008) (citation omitted). "[I]n an appeal brought by an unsuccessful habeas petitioner, appellate review is limited to the issues specified in the COA." *Murray v. United States*, 145 F.3d 1249, 1251 (11th Cir. 1998) (per curiam). Moreover, if a habeas petitioner fails to address an issue on appeal, that petitioner is generally deemed to have

2

abandoned the matter. *See Atkins v. Singletary*, 965 F.2d 952, 955 n.1 (11th Cir. 1992) (noting that a habeas petitioner abandons a claim by failing to address it on appeal).

Because Watson failed to address the sole issue presented in the COA, he has abandoned the matter. As our appellate review is limited to the issues specified the COA, we therefore affirm the district court's dismissal of Watson's habeas petition.

**AFFIRMED.**