[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10923
Non-Argument Calendar
_____

D.C. Docket No. 4:17-cv-00226-HLM


RICHARD E. DANIEL,

                                                          Petitioner-Appellant,

versus

WARDEN,

                                                                  Respondent,

COMMISSIONER, GEORGIA DEPARTMENT OF CORRECTIONS,

                                                          Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 8, 2019)

Before WILLIAM PRYOR, JORDAN and NEWSOM, Circuit Judges.

PER CURIAM:

Richard Daniel, a Georgia prisoner, appeals *pro se* the denial of his petition for a writ of habeas corpus. 28 U.S.C. § 2254. We issued a certificate of appealability to address whether the district court erred by denying Daniel's petition for failure to exhaust available state remedies under *Pope v. Rich*, 358 F.3d 852 (11th Cir. 2004). We affirm.

We review *de novo* the denial of a petition for a writ of habeas corpus as procedurally defaulted. *Henry v. Warden, Ga. Diagnostic Prison*, 750 F.3d 1226, 1230 (11th Cir. 2014). A state prisoner must exhaust all state remedies available for challenging his conviction before he can file a federal habeas petition. 28 U.S.C. § 2254(b), (c). To exhaust state remedies, "a state prisoner must present his claims to a state supreme court in a petition for discretionary review" when it "is part of the ordinary appellate review procedure in the State . . . ." *O'Sullivan v. Boerckel*, 526 U.S. 838, 839-40, 847 (1999). The ordinary procedure in Georgia includes discretionary review by its supreme court. Ga. Code Ann. § 9-14-52.

In *Pope*, we concluded that a Georgia prisoner procedurally defaulted his postconviction claim of ineffective assistance of counsel by failing to present the claim to the Supreme Court of Georgia. 358 F.3d at 853. In Georgia, a prisoner cannot appeal the denial of a state habeas petition and must instead "file a written

2

application for a certificate of probable cause to appeal with the clerk of the Supreme Court within 30 days from the entry of the order denying him relief" and "file within the same period a notice of appeal with the clerk of the concerned superior court." Ga. Code Ann. § 9-14-52(a), (b). After the state superior court denied Pope's habeas petition, he filed a federal petition for a writ of habeas corpus based on the ineffective assistance of state appellate counsel. *Pope*, 358 F.3d at 853. The district court denied the claim for lack of exhaustion. *Id.* We affirmed and held that Pope defaulted his claim by failing to pursue the discretionary review available to him in the state supreme court. *Id.*

Like the state prisoner in *Pope*, Daniel failed to exhaust his claims in the Supreme Court of Georgia. The Georgia superior court that denied Daniel's habeas petition instructed him that he had 30 days within which to file a notice of appeal and an application for a certificate of probable cause, but he first filed a motion for reconsideration, which the superior court denied. Daniel's motion for reconsideration did not toll the time for filing his application for a certificate of probable cause. *See Ferguson v. Freeman*, 646 S.E.2d 65, 66–67 (Ga. 2007). Daniel then filed an application 46 days after the denial of his state habeas petition. But because the application was untimely, it failed to "invoke [the] . . . jurisdiction [of the supreme court] over [Daniel's] appeal from the denial of [his] petition for habeas corpus." *Crosson v. Conway*, 728 S.E.2d 617, 619–20 (Ga. 2012). And

3

Daniel's application did not challenge the denial of his state habeas petition. Daniel requested review of only the order denying his motion for reconsideration, so the supreme court reclassified his application on that basis.

The district court did not err by denying Daniel's petition for a writ of habeas corpus. Because Daniel failed to fairly present his claims to the Supreme Court of Georgia, his claims are unexhausted. "When it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, the district court can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief." *Ogle v. Johnson*, 488 F.3d 1364, 1370 (11th Cir. 2007) (alterations adopted) (quoting *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1351 (11th Cir. 2004)). Daniel's claims are procedurally defaulted, and he alleged no actual innocence or cause and prejudice that would excuse the default, so the district court correctly denied Daniel's petition with prejudice. *See id.*

We **AFFIRM** the denial of Daniel's petition for a writ of habeas corpus.

4