[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-11237

_____

CHRISTOPHER JOHN DERTING,

Petitioner-Appellant,

*versus*

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:17-cv-01315-BJD-MCR

_____

Before ROSENBAUM and JILL PRYOR, Circuit Judges, and ALTMAN,[*] District Judge.

PER CURIAM:

Christopher Derting, a Florida prisoner assisted by counsel here, appeals the district court's denial of his 28 U.S.C. § 2254 petition. We granted a certificate of appealability on whether the district court violated *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (en banc), by failing to address Derting's claim that trial counsel was ineffective for mistakenly advising him not to call James Long as a defense witness. Derting argues that the district court violated *Clisby* by resolving only one part of his ineffective-assistance-of-counsel claim for failure to call a defense witness and not addressing the issue of whether defense counsel's advice not to call Long was deficient and constitutionally ineffective. Upon consideration, we find that no *Clisby* violation occurred and, accordingly, affirm the district court.

I.

A.     State Court Proceedings

In 2008, Derting was charged by information, along with his co-defendant Darryl Weems, with one count of sale and delivery of cocaine, in violation of Fla. Stat. § 893.13(1)(a). Before the trial,

---

[*] The Honorable Roy Altman, United States District Judge for the Southern District of Florida, sitting by designation.

Derting filed a witness disclosure to the prosecution, identifying James Long.[1]

Despite this, at trial, when the judge asked Derting whether he wanted his attorneys to call any witnesses, Derting responded, "I don't think so, Your Honor."  Although the trial court asked specifically about Long, Derting's trial counsel stated that she never intended to call Long as a witness.  The trial court confirmed that Derting knew Long was present at trial and asked whether Derting wanted to call him as a witness, and Derting said that he did not.

The jury found Derting guilty of the sale and delivery of cocaine, and the court sentenced Derting to 30 years.  Derting appealed his conviction and sentence, but the Florida appellate court affirmed per curiam.

In 2013, Derting filed a second amended state post-conviction motion under Florida Rule of Criminal Procedure 3.850, raising, among other issues, several ineffective-assistance claims.  Significantly, though, none involved trial counsel's failure to call Long as a defense witness.  In 2015, Derting filed a supplemental motion for post-conviction relief, seeking to add a claim that his trial counsel was ineffective for failing to call Long as a defense witness and for urging Derting to forgo calling Long as a witness in favor of getting the last word in closing argument (the so-called "sandwich rule," which Derting argues he could not have taken advantage of

---

[1] Long's full name is James Randall Long.  Derting's witness disclosure identified Long as Randy Long.

under the law in effect at the time his attorney gave this advice) (Ground 12). The state post-conviction court denied Derting's Rule 3.850 motions and with respect to Ground 12, found that Derting knowingly waived the opportunity to call Long as a witness. Derting appealed the denial of his Rule 3.580 motions. But again, a Florida appellate court affirmed per curiam.

## B.    District Court Proceedings

Derting timely filed a § 2254 petition for a writ of habeas corpus, which he later timely amended. His amended petition raised seven grounds for relief, including, as relevant here, Ground 3, which asserted that his trial counsel was ineffective for failing to call a defense witness with exculpatory testimony, in violation of the Fifth, Sixth, and Fourteenth Amendments. Specifically, Derting argued that when his trial counsel failed to properly investigate, depose, and prepare to call Long as a witness, his right to effective assistance of counsel was violated.

The district court denied Derting's petition, concluding that, with respect to Ground 3, Derting had failed to demonstrate prejudice. In particular, the court noted, Derting had not provided an affidavit or other testimonial evidence from Long showing that the outcome of Derting's trial would have changed had Long been called, and Derting's self-serving speculation would not suffice. The district court also found that the state post-conviction court's ruling was entitled to deference, as it was based on a reasonable determination of the facts and a reasonable application of the law. Alternatively, the district court ruled that counsel's performance

was not subpar. It reasoned that counsel enjoys wide latitude in making strategic decisions and, considering Derting's trial counsel's statement during trial that she did not intend to call Long and that Long's listing as a witness was a mistake, trial counsel's failure to call Long was not so patently unreasonable that no competent attorney would have made the decision.

In a footnote, the district court observed that Derting also confirmed that he did not want to call Long. Not only that, the district court noted, but the trial court gave Derting an opportunity to indicate whether he wanted to call any witnesses and to express any complaints about the trial, and Derting did not.

Derting timely appealed the district court's order on March 26, 2020.

## II.

We review de novo a district court's denial of a petition for writ of habeas corpus. *Pope v. Rich*, 358 F.3d 852, 853 n.1 (11th Cir. 2004). Likewise, we review de novo the legal question of whether the district court violated the rule in *Clisby* by failing to address a claim. *Dupree v. Warden*, 715 F.3d 1295, 1299–1300 (11th Cir. 2013).

## III.

In *Clisby*, we expressed our "deep concern over the piecemeal litigation of federal habeas petitions filed by state prisoners" and "the growing number of cases in which [we were] forced to remand for consideration of issues the district court chose not to

6                  Opinion of the Court                  20-11237

resolve." *Clisby*, 960 F.2d at 935–36. Accordingly, we exercised our supervisory power over the district courts and directed district courts to resolve all claims for relief raised in a habeas petition, regardless of whether habeas relief is granted or denied. *Id.* When a district court fails to address all claims in a § 2254 petition, we vacate the district court's judgment without prejudice and remand the case for consideration of the unresolved claims. *Id.* at 938. We do not address whether the underlying claim has any merit if we determine that a *Clisby* violation occurred. *Dupree*, 715 F.3d at 1299.

A claim for relief for purposes of this instruction includes "any allegation of a constitutional violation." *Clisby*, 960 F.2d at 936. And allegations of distinct constitutional violations constitute separate claims for relief, "even if both allegations arise from the same alleged set of operative facts." *Id.*

We have explained that a petitioner "must present a claim in clear and simple language such that the district court may not misunderstand it." *Dupree*, 715 F.3d at 1299. But that doesn't require a whole lot. In *Dupree*, for example, the petitioner, in two sentences in the middle of a 15-page supporting memorandum of law attached to his § 2254 petition, raised an ineffective-assistance claim concerning his second trial attorney, who moved to set aside his guilty plea. *Id.* at 1297, 1299. The petition had also raised an ineffective-assistance claim about the petitioner's first attorney, who had advised the petitioner to plead guilty in the first place. *See id.* at 1297. The district court addressed the claim concerning the

first attorney but not the one about the second. *Id.* at 1299. Although we opined that the district court's omission occurred "through little fault of its own," we nonetheless concluded the district court violated *Clisby*. *Id.* at 1299–1300.

But no *Clisby* error occurs when the habeas petitioner fails to clearly present the claim to the district court. *Barritt v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1246, 1251–52 (11th Cir. 2020). In *Barritt*, for instance, we concluded that the petitioner's passing reference to "coercion" in his ineffective-assistance claim was not enough to state an independent coercion claim for *Clisby* purposes, given the petitioner never alleged in state court or the district court a freestanding coercion claim. *Id.* Similarly, we held that the assertion of a claim in one sentence in a 116-page § 2254 petition, but not at all in 123 pages of memoranda of law, did not adequately present the issue. *Smith v. Sec'y, Dep't of Corr.*, 572 F.3d 1327, 1352 (11th Cir. 2009).

Here, the district court did not violate *Clisby*. Within Ground 3 of his § 2254 petition, Derting, in a few sentences, stated that "it was upon counsel's ill advice that [Derting] declined to call Long." And in his reply, Derting asserted that his trial counsel "misadvised" him, in addition to his general claim that his trial counsel was ineffective for failing to call Long. Unlike in *Dupree*, where the district court failed to resolve an ineffective-assistance claim alleging deficiency by a different attorney than the one in the claim addressed, Derting's ineffective-assistance argument regarding his trial counsel's alleged misadvice related to the same

attorney and the same overarching issue of counsel's failure to present Long's testimony at trial. *Dupree*, 715 F.3d at 1297-1300. But as in *Barritt*, Derting's passing reference to his argument regarding his trial counsel's misadvice failed to clearly present a freestanding ineffective-assistance claim to the district court, particularly considering he never alleged this argument as a freestanding claim in state court or the district court. *Barritt*, 968 F.3d at 1251. And similar to the petitioner in *Smith*, Derting made no reference to his argument in his 243-page memorandum of law, and said very little about it in his 310-page reply. *Smith*, 572 F.3d at 1352. Thus, Derting's passing references to his argument regarding his trial counsel's misadvice were insufficient here to put the district court on notice that he was raising a distinct claim.

But even if Derting had clearly presented an ineffective-assistance claim to the district court, we would still affirm because the district court's resolution of Derting's claim that trial counsel was ineffective for failing to call Long as a witness equally and necessarily resolved Derting's claim that counsel misadvised him not to call Long. For claims of ineffective assistance of counsel, a petitioner must demonstrate both that (1) counsel's performance was deficient, meaning that it fell below an objective standard of reasonableness, and (2) the petitioner was prejudiced by the deficient performance, *i.e.*, there was a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Here, as we have noted, the district court, invoking *Strickland*'s prejudice prong, denied Derting's claim that counsel was ineffective for failing to call Long. More specifically, the court held that Derting had offered no evidence (other than his own speculation) showing that the outcome of Derting's trial would have changed had Long been called. Plus, the court opined, the evidence against Derting was strong.

Derting's claim that counsel misadvised him not to call Long necessarily required the same showing of prejudice that Derting's claim that counsel was ineffective for failing to call Long did. So because the district court found no prejudice arising out of counsel's alleged ineffectiveness in failing to call Long, that finding necessarily resolved Derting's claim that counsel was ineffective for misadvising him not to call Long.

Thus, through its prejudice analysis on Derting's claim that counsel was ineffective for failing to call Long as a witness, the district court effectively resolved Derting's claim that counsel was ineffective for misadvising him not to call Long.

## IV.

Because Derting failed to clearly present his claim to the district court and the district court otherwise resolved the claim by finding that Derting did not establish prejudice from the absence of Long's testimony at trial, we affirm the district court's denial of Derting's § 2254 petition.

**AFFIRMED.**