PRYOR, Circuit Judge:
George Russell Henry, a Georgia prisoner sentenced to death after pleading guilty to the murder of a police officer, Robert Ingram, appeals the denial of his petition for a writ of habeas corpus. Henry argues that he was deprived of a fair trial when the trial court excused a juror from deliberations about his sentence. Henry alleges that the juror was a holdout from voting to sentence him to death. The foreman of the jury informed the trial court that the juror was impeding deliberations, and the juror, who was pregnant, confirmed that fact. After Henry’s counsel failed to raise an issue of juror misconduct on appeal, the state courts, on collateral review, refused to consider it. Henry argues that we should excuse his failure to raise the issue on direct appeal because he was deprived of the effective assistance of appellate counsel in violation of the Sixth and Fourteenth Amendments to the Constitution. We affirm the denial of Henry’s petition.
I. BACKGROUND
Police Officer Robert Ingram of Cobb County, Georgia, was on routine patrol when he saw a “suspicious white male dressed in all black carrying some type of a bag.” Henry v. State, 269 Ga. 851, 507 S.E.2d 419, 420 (1998) (internal quotation marks omitted). Officer Ingram approached the man, George Russell Henry, to conduct an investigatory stop. Id. at 420-21. Officer Ingram asked Henry what his bag contained, and Henry began to show him some of its contents. Id. at 421. But Henry, a convicted felon, was carrying a pistol because he had been searching for businesses to burgle before Officer Ingram stopped him. Id. at 420. When Henry realized that Officer Ingram had seen ammunition for the pistol in his bag, Henry feared that a search could lead to his arrest for being a felon in possession of a firearm. Id. at 421. So Henry murdered Officer Ingram by shooting him twice in the head. Id.
Henry eventually confessed to the murder of Officer Ingram and pleaded guilty on the first day of his trial. Id. The trial court then held a sentencing phase. Id. During the first day of jury deliberations, one of the jurors, Beth Hill, had severe abdominal pain and went to the hospital. Hill had learned shortly before trial that she was pregnant, and at the hospital, the doctor informed her that she might be pregnant with twins. The doctor then cleared her to return to the jury deliberations, which the trial court had suspended in her absence. After deliberations began the following day, the jury foreman sent a note to the court that stated Hill wished to be released from the jury out of concern for her child and that the other jurors felt that they could not freely discuss the case in her presence because they feared upsetting Hill, who had been extremely emotional throughout deliberations, and they feared endangering her child.
The trial court called the jury foreman to discuss the note. The foreman explained that an incident in Hill’s past had contributed to her emotional state. Both the court and counsel were already aware that, as a child, Hill had witnessed a multiple murder at her school. Hill stated during voir dire that she had difficulty dealing with violent images as a result of her experience. At one point during the trial, Hill became so upset, after viewing a video of the crime scene, that the trial court recessed for her to compose herself. The foreman explained to the court that, when Hill became upset during deliberations, she would become concerned for the wel *1229 fare of her child and that she would begin to have stomach pain. He stated that Hill had approached him and told him that she wanted the court to remove her from the jury and that both Hill and the rest of the jury believed her removal was necessary.
The court asked whether Hill’s presence would impede a free and open discussion among the members of the jury if she were to remain, and the foreman stated that it would. He also confirmed that Hill’s condition had already impeded an open discussion in the jury room.
The trial court called Hill next. The court asked Hill why she had requested that the court remove her from the jury. Hill responded that it was a combination of her traumatic past and her pregnancy: “[W]ith the combination of the two, ... I just feel that I can’t handle it anymore.... I’ve tried, but I don’t feel I can.” She also explained that the other jurors were afraid to voice their opinions out of fear that it would upset her, and when the court asked whether she believed that her presence was impeding deliberations, she replied, “I know it is, yes.” She explained that the jury was concerned about her and the safety of her child. The court also asked Hill if fear for her child prevented her from “becoming an open participant” in deliberations. Hill responded, “Probably, yes,” and then, ‘Yes, it does.”
After hearing from counsel for both sides, the trial court excused Hill from the jury. The court made a finding of fact that, with Hill on the jury, “the jury [could] not continue to freely discuss this case and have an open, unfettered discussion of ideas, which is required and which is desired, of course, in all jury deliberative processes.” The court replaced Hill with an alternate juror and directed Hill to the judge’s chambers to collect payment for her service. Hill never protested her removal nor asked to speak to the judge alone. After her excusal, the jury voted to sentence Henry to death. See Henry, 507 S.E.2d at 420 n. 1.
After his sentencing, Henry’s counsel moved for investigative assistance, including funds to interview jurors, but the trial court denied the motion. Henry next filed a motion for new trial and included a one-sentence argument alleging that the trial court erred when it excused Hill from deliberations. The trial court denied the motion.
In his appeal to the Supreme Court of Georgia, Henry failed to raise a claim that the excusal of the pregnant juror deprived him of a fair trial in violation of the Constitution. The Supreme Court of Georgia affirmed Henry’s sentence, Henry, 507 S.E.2d at 423, and the Supreme Court of the United States denied his petition for a writ of certiorari, Henry v. Georgia, 526 U.S. 1118, 119 S.Ct. 1768, 143 L.Ed.2d 798 (1999), reh’g denied, 527 U.S. 1054, 120 S.Ct. 15, 144 L.Ed.2d 819 (1999).
Henry later filed a state petition for a writ of habeas corpus, in which he alleged a claim of juror misconduct. Henry contended that the jury conspired to remove Hill because she was a holdout in favor of a life sentence and that this misconduct deprived him of a fair and reliable sentencing trial in violation of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments when the trial court removed Hill from the jury. He also contended that ineffective assistance of counsel provided cause and prejudice to overcome the procedural default of failing to raise a claim of juror misconduct on appeal. The state court denied Henry’s petition and ruled that his claim of juror misconduct was procedurally defaulted because he did not raise it on direct appeal and could not establish cause and prejudice to overcome the default. Henry then applied to the Supreme Court of Georgia for a certificate of probable cause to appeal, but the court *1230 denied his application. He also filed a petition for a writ of certiorari in the Supreme Court of the United States, which denied his petition. Henry v. Terry, 549 U.S. 909, 127 S.Ct. 241, 166 L.Ed.2d 190 (2006).
Henry then filed a federal petition for a writ of habeas corpus in the district court and alleged several claims for relief, including a claim of juror misconduct. He requested discovery and an evidentiary hearing for his claim of juror misconduct, which the district court denied. The district court then denied his petition and ruled that his claim of juror misconduct was procedurally defaulted. The district court granted Henry a certificate of appealability for his claim of juror misconduct and the related orders that denied Henry’s requests for discovery and an evidentiary hearing.
II. STANDARD OF REVIEW
We review de novo the determination of a district court that a habeas petitioner is procedurally barred from raising a claim in federal court. Kelley v. Sec’y for Dep’t of Corr., 377 F.3d 1317, 1345 (11th Cir.2004).
III. DISCUSSION
The federal doctrine of procedural default may bar a district court from reviewing a petitioner’s claim if a state court rejected it on a state procedural ground. Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir.2001). The state procedural ruling ordinarily provides an “adequate and independent” ground to deny relief under state law, which bars federal review of the underlying claim. See Marek v. Singletary, 62 F.3d 1295, 1301 (11th Cir. 1995). But if a claim is procedurally defaulted, a federal court may still address the merits of the claim if the petitioner establishes cause for the default and actual prejudice. See Wainwright v. Sykes, 433 U.S. 72, 87-88, 97 S.Ct. 2497, 2506-07, 53 L.Ed.2d 594 (1977). To establish cause, the petitioner must identify “some objective factor external to the defense” that impeded his ability to raise the claim in state court. Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). We have determined that a claim for ineffective assistance of counsel, if both exhausted and not procedurally defaulted, may constitute cause. See Hill v. Jones, 81 F.3d 1015, 1031 (11th Cir.1996).
Henry does not contest that the procedural bar applied by the state court provided an adequate and independent state ground to deny him relief on his claim of juror misconduct. Henry instead argues that he can establish cause and prejudice to overcome that procedural bar. We disagree.
Henry argues that he can establish cause because his appellate counsel was ineffective when he failed to investigate and raise the claim of juror misconduct on appeal, but this argument fails. Appellate counsel for Henry faced a record that consisted of a pregnant juror who witnessed a traumatic event as a child and was having difficulty maintaining her composure during trial and deliberations, who experienced severe stomach cramps during deliberations and was taken to a hospital where she learned that she could be pregnant with twins, and who informed the trial judge that she was impeding deliberations. The record also reflected statements by the foreman that Hill was impeding deliberations. And after the trial court replaced Hill with an alternate juror, post-sentencing counsel moved for funds to interview the jurors, but the trial court denied the motion. In the absence of evidence to suggest that anything improper took place, a failure to investigate and raise a claim of juror misconduct does not fall “outside the wide range of professionally competent assistance.” Strickland v. *1231 Washington, 466 U.S. 668, 690, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984). After a thorough review of this record, we conclude that counsel for Henry acted in an objectively reasonable manner when he decided not to investigate or raise a claim of juror misconduct on direct appeal. See Strickland, 466 U.S. at 687-88, 104 S.Ct. at 2064-65; Cummings v. Sec’y for Dep’t of Corr., 588 F.3d 1331, 1356 (11th Cir.2009). Ineffective assistance of counsel cannot act as cause to excuse Henry’s default of his claim.
Henry also argues in his reply brief that he can establish cause because he was under no obligation to raise the claim earlier without evidence that would have alerted his appellate counsel of his claim of juror misconduct, which is sufficient to establish, cause under Georgia law, see Turpin v. Todd, 268 Ga. 820, 493 S.E.2d 900, 907 (1997), but this argument fails for at least two reasons. First, Henry did not adequately raise this argument in his initial brief. See United States v. Jernigan, 341 F.3d 1273, 1284 n. 8 (11th Cir.2003). Second, even if he had adequately raised it, he points us to no federal precedent to support his argument; instead, he points only to Georgia law. See Turpin, 493 S.E.2d at 907. This argument does not establish cause to overcome the procedural default of Henry’s claim.
Although his failure to establish cause for the procedural default alone renders Henry’s claim unreviewable, Henry also cannot establish prejudice. Henry argues that he would have a reasonable probability of success on appeal as to his claim of juror misconduct, but both former and current provisions of the Georgia Evidence Code suggest otherwise. See Ga. Code § 9-10-9 (repealed 2013); id. § 17-9-41 (repealed 2013); id. § 24-6-606. Georgia law bars the admission of evidence regarding juror deliberations, and Henry concedes that this evidence would be necessary to prove his claim. Georgia evidentiary rules govern our consideration of prejudice, but Federal Rule of Evidence 606(b) would require the same result. See Fed.R.Evid. 606(b). Because the district court would be unable to consider the evidence that Henry seeks to offer, Henry cannot establish prejudice.
Our dissenting colleague contends that two different analyses of cause and prejudice apply to Henry’s appeal — one to determine whether he may receive an evidentiary hearing about his procedural default and another to determine whether he may overcome his procedural default — but we disagree. No analysis of cause and prejudice applies to determine whether a petitioner is entitled to an evidentiary hearing. Although a standard for cause and prejudice applied to petitioners seeking an evidentiary hearing who were not diligent and failed to develop the factual basis of their substantive claims in state court before the Antiterrorism and Effective Death Penalty Act, see Keeney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992), that standard is no longer the law. Instead, the Act now bars evidentiary hearings about the claims raised by non-diligent petitioners unless they can satisfy its more exacting standard. 28 U.S.C. § 2254(e)(2); see also Williams v. Taylor, 529 U.S. 420, 433, 120 S.Ct. 1479, 1489, 146 L.Ed.2d 435 (2000) (“[I]n requiring that prisoners who have not been diligent satisfy § 2254(e)(2)’s provisions rather than show cause and prejudice, ... Congress raised the bar Keeney imposed oh prisoners who were not diligent in state-court proceedings.”).
But this change in the law is irrelevant to whether the district court should have granted Henry an evidentiary hearing on cause and prejudice. When a petitioner asks for an evidentiary hearing on cause and prejudice, neither section 2254(e)(2) nor the standard of cause and *1232 prejudice that it replaced apply. See Sibley v. Culliver, 377 F.3d 1196, 1207 n. 9 (11th Cir.2004) (“The term ‘claim’ [in section 2254(e)(2) ] appears to refer to the substantive claim for relief upon which the petition for habeas corpus is based.”); Cristin v. Brennan, 281 F.3d 404, 412-13 (3d Cir.2002). When a petitioner has requested an evidentiary hearing on the procedural default of a substantive claim, we need ask only whether the district court abused its discretion when it denied an evidentiary hearing on that issue. “[T]he decision to grant ... a hearing rests in the discretion of the district court.” Schriro v. Landrigan, 550 U.S. 465, 468, 127 S.Ct. 1933, 1937, 167 L.Ed.2d 836 (2007); see also Coleman v. Hardy, 628 F.3d 314, 318 (7th Cir.2010) (reviewing for abuse of discretion the decision of a district court to deny the petitioner’s request for an evidentiary hearing to establish facts to overcome procedural default); Kelley v. Sec’y for Dep't of Corr., 377 F.3d 1317, 1333 (11th Cir.2004) (reviewing for abuse of discretion the decision of a district court to deny an evidentiary hearing on a substantive claim).
Our dissenting colleague would grant Henry an evidentiary hearing on cause and prejudice even though Henry asked for that hearing — if at all — in one footnote before the district court, and on appeal, Henry failed to mention this issue in his initial brief. That failure waived the issue. See United States v. Britt, 437 F.3d 1103, 1104 (11th Cir.2006) (“[We] deelin[e] to consider issues not timely raised in a party’s initial brief.”); Herring v. Sec’y, Dep't of Corr., 397 F.3d 1338, 1342 (11th Cir.2005) (“[AJrguments raised for the first time in a reply brief are not properly before a reviewing court.” (quoting United States v. Coy, 19 F.3d 629, 632 n. 7 (11th Cir.1994) (alteration and internal quotation marks omitted))). And when Henry raised the issue in his reply brief, he failed to explain what evidence he would present at a hearing or how his evidence would differ from the evidence he presented in the state court on collateral review.
In any event, the district court did not abuse its discretion when it denied Henry an evidentiary hearing either on cause and prejudice to overcome his procedural default or on the merits of his claim of juror misconduct. Henry failed to proffer any new evidence about cause and prejudice in the district court, and the record established that the state court had already allowed him to present evidence on the cause that he alleges, ineffective assistance of counsel for failure to investigate and raise the claim of juror misconduct. Henry’s appellate counsel testified at the evidentiary hearing in state court, and his appellate counsel and post-trial counsel both provided affidavit testimony. Henry has never explained what other evidence he would have presented to the district court on the effectiveness of his counsel. Amd Henry is not entitled to an evidentiary hearing on the merits of his claim of juror misconduct because he procedurally defaulted that claim.
We cannot agree with our dissenting colleague that Henry deserves another evidentiary hearing — this time in federal court. Our dissenting colleague does not explain how the district court abused its discretion when it declined to hold an evidentiary hearing to determine whether cause and prejudice existed. We have never held that the denial of an evidentiary hearing by a district court was an abuse of discretion when the petitioner, like Henry, was granted a full and fair hearing on the issue in state court. See, e.g., Williams v. Allen, 542 F.3d 1326, 1347-48 (11th Cir. 2008). And a hearing — whether on cause and prejudice or on the merits — would not “enable [Henry] to prove the petition’s factual allegations, which, if true, would entitle [him] to federal habeas relief.” Schriro, 550 U.S. at 474, 127 S.Ct. at 1940.
*1233 IV. CONCLUSION
We AFFIRM the denial of Henry’s petition for a writ of habeas corpus.