[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15896
Non-Argument Calendar
_____

D.C. Docket No. 4:08-cv-00318-RH-CAS


JOSE A. QUINTERO,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(July 30, 2015)

Before MARTIN, JULIE CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Jose Quintero, a Florida prisoner, appeals the district court's denial of his

pro se Federal Rule of Civil Procedure 60(b)(5) motion.  Quintero's motion argued

that the district court should reopen his 28 U.S.C. § 2254 petition for writ of habeas corpus so that he could challenge the district court's denial of an ineffective-assistance-of-trial-counsel claim as procedurally defaulted, based on Martinez v. Ryan, 566 U.S. ___, 132 S. Ct. 1309 (2012) (recognizing a limited, equitable exception to the general rule that issues not raised before the district court are procedurally barred), and Trevino v. Thaler, 569 U.S. ___, 133 S. Ct. 1911(2013) (extending Martinez to states that effectively prohibit defendants from raising ineffective-assistance claims on direct appeal).[1]

We review the district court's denial of Quintero's Rule 60(b)(5) motion for an abuse of discretion.  Arthur v. Thomas, 739 F.3d 611, 628 (11th Cir. 2014). "Under the abuse-of-discretion standard, we will leave undisturbed a district court's ruling unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard."  Id. (quotation omitted).

Rule 60(b)(5) permits a court to relieve a party from a final judgment, order, or proceeding if "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable."

---

[1] The State argues on appeal that Quintero did not file his Rule 60(b)(5) motion in a reasonable time, Fed. R. Civ. P. 60(c)(1), and that he had to request counsel in his state post-conviction proceedings to obtain relief under Martinez.  Because these arguments were never raised in the district court, they are waived.  See Mason v. Allen, 605 F.3d 1114, 1120 n.3 (11th Cir. 2010) (per curiam).

The district court did not abuse its discretion in denying Quintero's Rule 60(b)(5) motion.  Quintero's argument—that the third clause of Rule 60(b)(5) permits him to raise his <u>Martinez</u> argument—is foreclosed by binding precedent. See <u>Griffin v. Sec'y, Fla. Dep't of Corr.</u>, 787 F.3d 1086, 1089 (11th Cir. 2015) (holding that the third clause of "Rule 60(b)(5) applies in ordinary civil litigation where there is a judgment granting continuing prospective relief, such as an injunction, but not to the denial of federal habeas relief").  We therefore do not address whether Quintero meets the requirements for relief under <u>Martinez</u> and <u>Trevino</u>.[2]

**AFFIRMED.**

---

[2] Quintero also argues that he is entitled to relief under the second clause of Rule 60(b)(5). Though this Court's holding in <u>Griffin</u> forecloses only Quintero's argument about the third clause of Rule 60(b)(5), his argument about the second clause is waived because he raised it for the first time in his reply brief.  See <u>Henry v. Warden, Ga. Diagnostic Prison</u>, 750 F.3d 1226, 1232 (11th Cir. 2014).