[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15425
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-21045-UU

SOLOMON DAVID ROBERTS,

Petitioner-Appellant,

versus

STATE OF FLORIDA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 13, 2015)

Before TJOFLAT, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

In 1978, Solomon David Roberts was convicted in Florida of robbery and

sentenced to prison for five years.  Roberts was released on parole in 1981.  One

year later—and while still on parole—he was convicted in Florida on three counts of attempted murder, four counts of robbery, and one count of burglary and kidnapping each.  For those crimes, he was sentenced to concurrent life sentences without the possibility of parole.  The Florida Parole Commission then revoked his parole and sentenced him to life imprisonment, that sentence to run concurrently with the life sentences he received for his 1982 convictions.

Having been granted leave of this court to file a successive petition pursuant to 28 U.S.C. § 2254, Roberts petitioned *pro se* the Southern District of Florida to vacate the Florida Parole Commission's sentence, alleging that that sentence constituted cruel and unusual punishment under *Graham v. Florida,* 560 U.S. 48, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010).  Doc. 1.  In May 2013, the District Court denied relief.  Doc. 40.  It also denied Roberts a certificate of appealability ("COA").  Doc. 43.  In October 2013, Roberts moved the court for relief under Federal Rule of Civil Procedure 60(b).  Doc. 50.  Again, the court denied his motion.  Doc. 51.  Nonetheless, in August 2014, the District Court issued a COA on one issue: whether, under *Graham,* Roberts is entitled to relief from the life sentence the Florida Parole Commission imposed for his parole violation.  Doc. 56 at 3.

That is the only issue this appeal presents.  *Murray v. United States*, 145 F.3d 1249, 1251 (11th Cir. 1998) ("[I]n an appeal brought by an unsuccessful

2

habeas petitioner, appellate review is limited to the issues specified in the COA.").

In his *pro se* brief, Roberts does not address the *Graham* issue stated in the COA.

We therefore consider the issue abandoned.  *Henry v. Warden*, 750 F.3d 1226,

1232 (11th Cir. 2014).  We do so even though Roberts appeals *pro se*.  *Timson v.*

*Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

AFFIRMED.