[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 15-12201; 15-12683
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cv-01015-JDW-TGW

MORGAN ALLEN ARMSTRONG,

Plaintiff-Appellant,

versus

MICHAEL F. ANDREWS,
Honorable Judge,
M. E. HALKITIS,
RYAN MCGEE,
Asst. State Attorney,
MARK MOE,
Major Crimes Detective (Retired),
BRENDA MCBEL,
Deputy Clerk of Court,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(March 18, 2016)

Before WILSON, WILLIAM PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

Morgan Armstrong, a Florida prisoner, appeals *pro se* the *sua sponte* dismissal of his complaint against Judge Michael Andrews, Assistant State Attorney M.E. Halkitis, Assistant State Attorney Ryan McGee, retired Major Crimes Detective Mark Moe, and Deputy Clerk of Court Brenda McBel. *See* 42 U.S.C. § 1983. The district court concluded that Armstrong's allegations about the violation of his constitutional rights during a state criminal proceeding failed to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). We affirm.

Judges and prosecutors ordinarily enjoy absolute immunity from suits about actions taken in their official capacities. Judges enjoy absolute immunity for all actions taken in their judicial capacity except when taken in a "clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (internal quotation marks and citation omitted). Absolute judicial immunity "applies even when [a] judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.* Prosecutors also enjoy absolute immunity for actions undertaken in the course of initiating a prosecution. *Id.* at 1242. But a prosecutor is not immune from suit if he knowingly makes false statements of fact in an affidavit. *Jones v. Cannon*, 174 F.3d 1271, 1282 (11th Cir. 1999).

2

The district court correctly dismissed Armstrong's complaint. Armstrong alleged that Judge Andrews credited testimony that he knew was false during a pretrial hearing, but the judge is entitled to absolute immunity for actions performed in the exercise of his official duties. *See Bolin*, 225 F.3d at 1239; *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005). Prosecutor Halkitis is not liable for allegedly using false affidavits to secure a warrant for Armstrong's arrest because that act was undertaken in her role as an advocate for the State. *See Bolin*, 225 F.3d at 1242. Armstrong did not allege that Halkitis knew the affidavits were false. And Halkitis is not liable for false statements that Armstrong alleged were made by Detective Moe. *See Jones*, 174 F.3d at 1282. Armstrong has waived any challenge that he could have made to the dismissal of his complaints against the remaining members of the prosecution team. *See Henry v. Warden*, 750 F.3d 1226, 1232 (11th Cir. 2014). Armstrong does not dispute that he failed to state a claim against Detective Moe or that Assistant State Attorney McGee and Deputy Clerk McBel are immune from liability.

We **AFFIRM** the dismissal of Armstrong's complaint.

3