[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11941

_____

PAUL ANTHONY BROWN,

Petitioner-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:12-cv-00111-CEM-GJK

_____

2                    Opinion of the Court                    22-11941

Before JORDAN, ROSENBAUM, and LAGOA, Circuit Judges.

PER CURIAM:

Paul Anthony Brown appeals the district court's decision that his *Brady* and *Giglio* claims attacking his state court sentence of death for first-degree premeditated murder were procedurally barred. After careful review and oral argument, we have determined that we cannot decide this appeal without additional factual findings made by the district court. Accordingly, we remand this case to the district court with instructions to conduct an evidentiary hearing as explained below.

I.

The facts and procedural history of this case have been addressed before by this Court in *Brown v. Sec'y, Fla. Dep't of Corr.*, 750 F. App'x 915 (11th Cir. 2018), and by the Florida Supreme Court in *Brown v. State*, 721 So. 2d 274 (Fla. 1998). We assume familiarity with these facts and limit our discussion to only those facts relevant to this appeal.

On February 8, 2012, Brown filed a petition for writ of habeas corpus under 28 U.S.C. § 2554 with the district court. After lengthy litigation regarding an alleged time bar, Brown filed his "First Amended Petition" on June 19, 2019. Ground II of that petition alleged that the State violated Brown's rights under the Fifth, Sixth, and Eighth Amendments to the United States Constitution by presenting false testimony at his trial and withholding material and exculpatory evidence. Ground II can be fairly read to raise three claims: (1) a *Brady* claim alleging that the State suppressed

evidence of the  true identity of Scott Jason McGuire, the State's critical witness at trial (Claim 1); (2) a *Giglio* claim predicated on the State's alleged awareness that McGuire would commit or had committed perjury about his true identity (Claim 2); and (3) a *Giglio* claim predicated on the State's alleged communications with McGuire and discovery or knowledge of his perjury (Claim 3). This third claim was raised for the first time in federal court.

The district court denied Brown's habeas motion on all grounds.  For Ground II, the district court found all three claims procedurally barred.  For the first and second claims, Florida courts had barred them because Brown could have—but did not—raise them in his first state postconviction motion.  The district court held that Florida's procedural bar also barred the claims in federal court because Brown had failed to establish cause and prejudice excusing his default.  For the third claim, the district court found that Brown had failed to establish cause for failing to raise the issue in his first and second postconviction motions.  The district court also found that Brown did not establish that the prosecutor knowingly used perjured testimony or that Brown suffered prejudice.

The district court granted a certificate of appealability on Ground II, and this Court did not expand the COA.

## II.

We exercise *de novo* review of the district court's habeas corpus decision, , under 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Act of 1996. *Ward v. Hall*, 592 F.3d 1144, 1155 (11th Cir. 2010).  *See Henderson v. Campbell*, 353 F.3d 880, 889–

90 (11th Cir. 2003). For a denial, "we review questions of law and mixed questions of law and fact *de novo,* and findings of fact for clear error." *LeCroy v. Sec'y, Fla. Dep't of Corr.*, 421 F.3d 1237, 1259 (11th Cir. 2005). "We review *de novo* the determination … that a habeas petitioner is procedurally barred from raising a claim in federal court." *Carey v. Dep't of Corr.*, 57 F.4th 985, 989 (11th Cir. 2023) (quoting *Henry v. Warden*, 750 F.3d 1226, 1230 (11th Cir. 2014)). Under § 2254(e)(1), we "must presume the state court's factual findings to be correct unless the petitioner rebuts that presumption by clear and convincing evidence." *Debruce v. Comm'r, Ala. Dep't of Corr.*, 758 F.3d 1263, 1266 (11th Cir. 2014).

### III.

To resolve this appeal, we must determine whether Brown has established cause and prejudice to overcome any procedural bar to his claims. Regarding Brown's first and second claims as to Ground II, Brown must show why—if they are in fact barred by adequate and independent state grounds—he should be excused for failing to raise them in his first and second state postconviction proceedings. His argument regarding the first and second claims is that he lacked information about the State's alleged suppression of McGuire's identity as Scott Jeffrey Keenum and that he was impeded by the State from attaining such information.

Essential to the resolution of this appeal, therefore, are necessary factual findings about *what* both Brown and the State knew about McGuire's identity as Keenum and *when* they knew it. In particular:

22-11941                Opinion of the Court                5

1. What did the State know about McGuire's identity as Keenum before and during the 2001 postconviction evidentiary hearing?

2. What documents did ASA Sean Daly give to collateral counsel John Bonaccorsy at the 2001 evidentiary hearing? And when exactly did the State obtain those documents?

3. When did the State know that the FDLE fingerprint card for McGuire contained his actual name of Keenum?

4. Why was a search on Keenum (and other aliases revealed during the course of the investigation) not run by the State in the National Crime Information Center ("NCIC") or FBI databases?

Accordingly, we remand this case to the district court and instruct it to hold an evidentiary hearing to establish a clear factual record regarding the issues of cause and prejudice in this case. While the district court should address the questions we have presented, it is not limited to addressing these questions and should establish all facts relevant to cause and prejudice. Following the issuance of a written order from the district court after the conclusion of the evidentiary hearing, we will proceed with our resolution of this appeal.

**REMANDED for an evidentiary hearing consistent with this opinion.**